UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CHARLES GINYARD, III,            )<br>                                                    )<br>        Petitioner,                      )<br>                                                    )<br>v.                                                )    Case No. CIV-25-144-R<br>                                                    )<br>FEDERAL BUREAU OF PRISONS,  )<br>                                                    )<br>        Respondent.                    ) | |

## REPORT AND RECOMMENDATION

Petitioner Charles Ginyard, III, proceeding pro se, filed a Petition for Writ of Habeas Corpus ("Petition") against the Federal Bureau of Prisons challenging disciplinary proceedings. Doc. 1 at 2. United States District Judge David L. Russell referred this matter to the undersigned Magistrate Judge in accordance with 28 U.S.C. § 636(b)(1)(B)-(C). For the reasons set forth below, the undersigned recommends that the Court dismiss this action without prejudice due to Petitioner's failure to follow the Court's rules and orders.

## I.      Background and Discussion

On February 13, 2025, the Court explained to Petitioner that he had neither paid the required $5.00 filing fee nor, alternatively, filed a motion to proceed in forma pauperis ("IFP"). Doc. 4. The Court ordered Petitioner to cure this deficiency not later than March 6, 2025, and directed the Clerk of Court to send Petitioner any necessary forms to comply with the Order. *Id.* The docket indicates via ECF Staff Notes that the Clerk of Court mailed the Court-approved IFP form to Petitioner on February 13, 2025.

The Clerk of Court mailed the Order and the appropriate forms to Petitioner at his last known address at El Reno-FCI.  The docket reflects that on February 24, 2025, the Postal Service returned as undeliverable the Court's Order.  A review of the docket reveals that, as of this date, Petitioner has not notified the Court of a new address.  Petitioner is responsible for notifying the Court of any change of address, LCvR5.4(a), and "[p]apers sent by the court will be deemed delivered if sent to the last known address given to the court."  *Id.*; *accord* Fed. R. Civ. P. 5(b)(2)(C); *see also Theede v. U.S. Dep't of Labor*, 172 F.3d 1262, 1267 (10th Cir. 1999) ("The parties . . . bear the burden of filing notice of a change of address [and] [t]he fact that [petitioner] is acting pro se does not eliminate this burden.").

Despite Petitioner's failure to notify the Court of his new address, the docket reflects that, on February 25, 2025, the Clerk of Court sent Petitioner the Court's Order and a Notice of Change of Address Form to a new address at U.S. Penitentiary Beaumont.  Still, as of this date, the Court has not received a response from Petitioner; nor has the Postmaster returned any mailed documents back to the Court as undeliverable after February 24, 2025.

The Court ordered Petitioner to cure the deficiency not later than March 6, 2025, and warned that "[f]ailure to do so may result in dismissal of this action."  Doc. 4.  The case docket indicates that, as of this date, Petitioner has failed to comply with the Order, as he has not (1) paid the required filing fee or (2) filed a motion to proceed IFP.  Nor has Petitioner attempted to show good cause for his failure to comply or requested an extension of time in which to comply.

A court has the inherent authority to manage its own affairs, *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962), and it may dismiss an action if the petitioner "fails to prosecute or to comply with [the rules of civil procedure] or a court order," Fed. R. Civ. P. 41(b). *See Link*, 370 U.S. at 630-31 (interpreting Rule 41(b) to permit courts to dismiss actions sua sponte). Petitioner's pro se status does not exempt him from following the rules. *See Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994) (explaining that pro se parties must "follow the same rules of procedure that govern other litigants" (internal quotation marks omitted)). And a litigant's failure to comply with court orders leaves a court unable "to achieve the orderly and expeditious disposition of cases." *Link*, 370 U.S. at 631.

Petitioner's failure to comply with the Court's order and rules, combined with the Court's inherent power to manage judicial resources, warrants dismissal of this action without prejudice. *See U.S. ex rel. Jimenez v. Health Net, Inc.*, 400 F.3d 853, 855 (10th Cir. 2005) ("[D]ismissal is an appropriate disposition against a party who disregards court orders and fails to proceed as required by court rules.").

## II.   Recommendation and Notice of Right to Object

For the foregoing reasons, the undersigned recommends that the Court **DISMISS** this action without prejudice. Petitioner is advised of his right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objection must be filed with the Clerk of Court by April 15, 2025. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). Failure to object timely waives the right to appellate review of the factual and legal issues addressed

in this Report and Recommendation. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in this matter.

**ENTERED** this 25th day of March, 2025.

_____
CHRIS M. STEPHENS
UNITED STATES MAGISTRATE JUDGE